ALSTON W. HULBERT AND PETER McAUSLIN, EXEC-UTORS, ETC., OF MARY BRAINARD, DECEASED APPEL-LANTS, v. ADAM NICHOL, RESPONDENT.

*Indorsement of interest on a note, by the holder — when not sufficient evidence of a part payment to take a case out of the statute of limitations — One maker is not affected by payments made by his co-joint maker.*

This action was brought upon a joint and several note for $200, dated November 28, 1854, payable one year from date to the order of one A. G. Brainard, and made by the defendant and one Thomas Nichol, who died in 1877. Brainard died in 1868, having previously transferred the note to his wife, the plaintiffs' testatrix. Upon the back of the note were indorsements purporting to show the payment of the annual interest from the time of its execution to November 28,

1872, those prior to 1863 being in the handwriting of A. G. Brainard, and the subsequent ones being in the handwriting of his wife. The time when the indorsements were made was not shown, except that those made by the wife were on the note in 1871 or 1872; some evidence was given to show that the indorsements of the interest for 1869, 1870 and 1871 were all made at the same time.

The defendant having pleaded the statute of limitations, *held,* that the indorsements were not of themselves sufficient proof of the payment of interest on the note to take the case out of the statute.

That as such payments, if made at all, might, so far as the evidence showed, have been made by the other maker, they would not revive the defendant's liability for the debt.

APPEAL from a judgment of the County Court of Delaware county reversing a judgment recovered by the plaintiffs in a justices' court.

The facts sufficiently appear in the following opinion of the county judge, which was approved and adopted by the General Term.

MAYNARD, J.:

Appeal from a judgment in an action upon two promissory notes; one made by Thomas Nichol and the defendant, to A. G. Brainard, November 28, 1854, for the payment of $200 and interest, one year from date; the other made by the defendant alone, November 28, 1871, to C. S. Brainard and Mary Brainard, for the payment of $34.99, and due when given.

A. G. Brainard died January, 1868, having previously transferred the former note to his wife, Mary Brainard, who is one of the payees of the latter note, and who died in March, 1876. The plaintiffs are the executors of her will.

To the last named note defendant pleaded payment, and gave evidence tending to prove that he had paid it to C. S. Brainard, one of the payees. To the first named note he plead the statute of limitations. The justice gave judgment for $200, being the limit of his jurisdiction, and being a sum much less in amount than that unpaid on the $200 note. The plaintiffs relied upon proof of payment, within six years before the commencement of this action, to take the $200 note out of the statute of limitations, and the only evidence of payment introduced by them was the indorsements upon the note of the annual interest, purporting

to have been paid thereon from the time of its execution down to and including the year ending November 28, 1872.

These indorsements we're shown to be in the handwriting of A. G. Brainard down to 1863, and in the handwriting of Mary Brainard from that time down to 1872. There was no evidence as to the time when the several indorsements were made, excepting that those in the handwriting of A. G. Brainard must have been made prior to 1868, and' those in the handwriting of Mary Brainard were shown to have been on the note four or five years before her death, which would have been in 1871 or 1872. There was some evidence to the effect that the indorsements of the interest for 1869, 1870 and 1871, were made all at the same time, and that of 1871 is of interest to November twenty-eighth of that year, which is the same date as that of the small note of $34.99, given by defendant to Mary and Charles Brainard.

There was evidence that the defendant was at the house of Mary Brainard three or four times after the death of A. G. Brainard, but no proof of any actual payment by him of money to her, or of his business there, except that he testifies that he was there purchasing grain when the note of $34.99 was given, and that it was given for the purchase price of grain.

There was also some evidence that the 'defendant had frequently been at the house of A. G. Brainard in his life-time paying him money, and that he was there paying him money and buying grain within six months of his death.

Thomas Nichol, the other maker of the note, died in 1877, and this action was commenced November twenty-sixth of the same year.

After a careful examination of the evidence returned, I have been unable to discover sufficient proof of part payment of the $200 note within seven years and six months of the commencement of this action, to save it from the operation of the statute of limitations.

The fact that the indorsements made prior to 1868 are in the handwriting of A. G. Brainard, and appear to have been made at different times, and the defendant has been shown to have been frequently at his house paying him money in his life-time, might, perhaps, be sufficient to uphold a finding that payment of the

interest had been made by the defendant to him at the time the several indorsements made by him bear date ; but with reference to the indorsements made from 1868 to 1872, inclusive, there is, I think, an utter failure of proof either that the indorsements were made at the time they respectively bear date, or that any money was paid by the defendant to Mary Brainard at the time they were made, or at any other time, upon the note. On the contrary, there is evidence tending to prove that three of these indorsements were made at the same time. It is well settled that in order to make an indorsement any evidence of payment for the purpose of taking the case out of the statute, it must appear either that it was made with the privity of the debtor, or else that it was made before the statute attached, and at a time when it was against the interest of the party making it. (1 Wait's Law and Practice, 1003; 2 Phillips on Evidence [2d ed.], 175; 1 Cowen's & Hill's Notes, 154, 158, 317; *Whitney* v. *Bigelow*, 4 Pick., 110; *Rose, Adm'r* v. *Bryant*, 2 Camp., 321; *Turner* v. *Crisp*, 2 Strange, 827; *Glynn* v. *Bank of England*, 2 Vesey, Sr., 43; *Knight* v. *Clements*, 45 Ala., 89; *Phillips* v. *Mahan*, 52 Mo., 197; *Roseboom* v. *Billington*, 17 Johns., 182; *Read* v. *Hurd*, 7 Wend., 408.)

The statute has declared that an action upon a contract, such as the note in question, must be commenced within six years after the cause of action has accrued ; and that in order to take a case out of the operation of the statute there must be shown to have been an acknowledgment of the debt, or promise to pay it, in writing, or some part payment of the principal or interest must have been paid within six years of the commencement of the action. (Code of Civil Procedure, §§ 382, 395.)

And when it appears upon the face of the instrument declared upon that the statute has run against it, the burden is upon the party claiming under it to show that the case is excepted from the statutory bar ; and where the exception contended for consists of a constructive acknowledgment of the debt arising from part payment, the partial payment must be clearly established, and not be a matter of conjecture merely. (*Burr* v. *Burr*, 26 Penn. [2 Casey], 284; *Barclay's Appeal*, 64 Penn. [14 Smith], 69; *Knight* v. *Clements*, 45 Ala., 89.) If the creditor relies upon a

written acknowledgment to save his demand from the statute, it must be made in clear and unequivocal language, and must be unconditional and made in terms which imply a willingness to pay the debt. (1 Wait's Law and Practice, 992 *et seq.; Blood-good* v. *Bruen,* 4 Seld., 362; *Bell* v. *Morrison,* 1 Pet. R., 351; *Allen* v. *Webster,* 15 Wend., 284.)

The Court of Appeals in *Harper* v. *Fairley* (53 N. Y., 442) assert the reason of the rule, that part payment of a debt enlarges the time within which an action can be brought thereon, to be that such payment is an acknowledgment by the debtor of his liability for the whole debt, and from this acknowledgment a new promise to pay is implied, dating from the time of part payment ; and such is the doctrine of all the cases upon the subject. This being so, the evidence to establish a part payment, from which an acknowledgment of the debt and a promise to pay it is to be implied, ought to be as clear, explicit and unequivocal as that required to support a written acknowledgment of express promise to pay — evidence which is just as consistent with the theory that no payment was made, as with the presumption of payment, should not be deemed sufficient.

There is, I think, another fatal objection to the sufficiency of the proofs of payment made to Mary Brainard. The note was the joint and several note of the defendant and Thomas Nichol. The rule is now familiar that payment by one of two joint makers of a note will not revive it as to the other ; and there is no evidence that these payments, if made at all, were any of them made by the defendant ; for aught that appears, they may have been made by Thomas Nichol, the other maker.

Where the plaintiff relies upon part payment to overcome the bar of the statute, he must prove that the payment was made by the party sought to be charged. The indorsements, even if evidence of payment, would be no evidence as to which of the joint makers made the payment. (*Knight* v. *Clements,* 45 Ala., 89.)

As to the $34.99 note, the evidence of payment was so far conflicting that a finding by the court below that it had not been paid would not be disturbed upon this appeal. But it is impossible to determine how the justice found, as matter of fact, upon the question. The judgment is for $200 ; so that it is entirely a

subject of speculation whether the small note entered into the recovery or not ; and, as it does not appear that the judgment includes it, and as the judgment may have been based entirely upon the $200 note, I think the judgment should be wholly reversed, with costs."

*William Youmans*, for the appellants.

*Davie & Arbuckle*, for the respondent.

*Per Curiam :*

The judgment of the county court should be affirmed upon the opinion of the county judge.

As is stated by TALCOTT, J., in *Risley* v. *Wightman* (13 Hun, 163), "the fact that the indorsements constituted admissions against the interest of the testatrix at the time they were made, rendered them admissible in evidence against the defendant without proof of the actual payments." But the learned judge immediately adds : "Whether the payments were actually made was a question for the jury." The indorsements are evidence, but not sufficient, standing alone, to establish the fact of payment, by the debtor defendant to the owner of the note, of the amount indorsed and at the time when it was indorsed. Some evidence of these facts must be given before a case is made for submission to the jury. For the reasons so clearly stated by Judge MAYNARD, we think such a case was not made.

The judgment of the county court must be affirmed, with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment of county court affirmed, with costs.